UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 1:14-cr-94 |
| v. ) | |
| ) | Judge Mattice |
| DAVID BROGLIN ) | Magistrate Judge Carter |

## **ORDER**

Defendant David Broglin was indicted on August 26, 2014 on one count of being a felon in possession of firearms and ammunition in violation of 18 U.S.C. § 922(g). (Doc. 1). On January 20, 2015, Defendant filed a Motion to Suppress his own statements made following his detention and arrest, arguing that he did not knowingly, voluntarily, and intelligently waive his right to counsel. (Doc. 17). Defendant also filed a motion to suppress physical evidence obtained as a result of the search of his resident, because the search warrant was based on "stale" information and was inherently insufficient as it failed to present any link because alleged criminal activity and Defendant's residence. (Doc. 18). The Government opposed both Motions. (Docs. 21, 25).

United States Magistrate Judge William B. Carter conducted an evidentiary hearing on March 19, 2015. (*See* Doc. 26). On April 14, 2015, he filed his Report and Recommendation (Doc. 27) pursuant to 28 U.S.C. § 636(b)(1). Magistrate Judge Carter recommended that both of Defendant's Motions to Suppress be denied. (*Id.*). Magistrate Judge Carter found that the information in the affidavit was not "stale" when the search warrant was issued because firearms are not perishable, the search warrant sought only to search Defendant's "secure operational base" – that is, his home – and that the information established that Defendant was engaged in a continuous and

ongoing offense. He also found that there was a sufficient nexus between Defendant's home and the alleged criminal activity described in the affidavit. In doing so, he cited precedent from the United States Court of Appeals for the Sixth Circuit, finding a "nexus" between criminal activity and the defendant's home where the contraband at issue includes firearms, ammunition and related items.[1] Accordingly, Magistrate Judge Carter concluded that suppression of the evidence was not appropriate.

Magistrate Judge Carter also found that suppression of Defendant's statements to police while in custody was not warranted. Specifically, he found that the testimony of Officer Philip Earhart was credible, and based on that testimony, he concluded that Defendant was not subjected to coercive police conduct and therefore his waiver of his *Miranda* rights could not be involuntary. Magistrate Judge Carter also found that the evidence and testimony demonstrated that Defendant knowingly and intelligently waived his rights, specifically noting the officer's previous interactions with Defendant, Defendant's familiarity with the criminal justice system, Defendant's personal characteristics – including that he "is an adult holding a responsible job" and that he did not present any evidence that he suffered from a mental disease or defect – and the fact that Defendant signed the waiver of rights form and acquiesced to the contents of the written statement.

Defendant filed timely objections to the Report and Recommendation. (Doc. 28). Defendant primarily reiterates the arguments raised in his previous memorandum. He specifically objects to Magistrate Judge Carter's finding that the information in the affidavit was not stale, arguing that Defendant's criminal activity was "seasonal in nature" because he was only alleged to have possessed a firearm during hunting season,

---

[1] *See United States v. Vanderweele*, 545 F. App'x 465, 468-69 (6th Cir. 2013)

and that the activity that he was involved in is not generally criminal in nature. Defendant also argues that no evidence in the record supports Magistrate Judge Carter's "assumption" that he was aware of his *Miranda* rights based on his previous interactions with the criminal justice system. Defendant further argues that "none of the testimony presented by the defense at the hearing was considered," specifically, Defendant's own testimony that he did not understand his *Miranda* rights and his wife's testimony that Defendant lacked the ability to read, write, or understand legal terms; he argues that this testimony establishes that he was suffering from a mental disease or defect at the time of the interview. The Government has now responded to Defendant's objections, noting its agreement with the Report and Recommendation. (Doc. 29). .

The Court must conduct a *de novo* review of those portions of the Report and Recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(C). The Court may also receive further evidence or recommit the matter to the magistrate judge with instructions. *Id.*

The parties did not object to the basic facts as outlined in Magistrate Judge Carter's Report and Recommendation, but rather, only to the findings and legal conclusions related to those facts. After reviewing the record, and finding the facts to be consistent with Magistrate Judge Carter's Report and Recommendation, the Court **ADOPTS BY REFERENCE** the facts as set out in the Report and Recommendation. (Doc. 35 at 2-9). *See, e.g.*, *United States v. Winters*, 782 F.3d 289, 295 n.1 (6th Cir. 2013).

The Court's *de novo* review of the portions of the R&R to which the parties specifically object results in the same conclusions reached by the magistrate judge. The

3

Court first notes that Defendant has incorrectly stated that the evidence presented by the defense "was not considered" by the Magistrate Judge. However, Magistrate Judge Carter did, in fact, detail the testimony provided by Defendant and his wife at the hearing. He also found that Officer Earhart was a credible witness and thus relied on that testimony in reaching his legal conclusions. Although not stated, the Court can logically infer that, by detailing all of the testimony provided and then specifically accepting as credible Officer Earhart's testimony, Magistrate Judge Carter rejected the contrary testimony of Defendant and his wife. Thus, the Court will construe this argument by Defendant as a challenge to Magistrate Judge Carter's credibility determinations. Defendant has pointed to nothing which overcomes the deference afforded to those determinations, and the Court thus overrules any objection to them. *See United States v. Navarro-Camacho*, 186 F.3d 701, 705 (6th Cir. 1999); *United States v. Pule*, 2013 WL 30219, at *2 (E.D. Tenn. Jan. 2, 2013).

Defendant argues that the testimony presented by the defense that Defendant could not read, write, or understand legal language was "unrefuted" and establishes that he was mentally infirm at the time of his alleged confession. Although it is true that the Government did not expressly offer evidence establishing that Defendant *could* read and write, it offered other evidence specifically relevant to Defendant's understanding of his *Miranda* rights and his encounter with the police. Further, that a Defendant cannot read or write, or does not know legal words, is not dispositive of whether he has given a knowing, voluntary, and intelligent waiver; it most certainly is insufficient to establish a mental disease or defect. Magistrate Judge Carter applied the correct legal standard in concluding that Defendant's waiver was valid, considering the totality of the

4

circumstances both as to Defendant's personal characteristics and the details of the interrogation by the police.[2]

The Court will also overrule the remainder of Defendant's objections.[3] Magistrate Judge Carter applied the proper legal standards and correctly concluded that suppression of the physical evidence and Defendant's statements was not warranted. The Court finds no reason to elaborate on these decisions in light of the well-reasoned and thorough conclusions in the Report and Recommendation, which the Court will **ACCEPT** and **ADOPT BY REFERENCE** as its own. Accordingly, Defendant's Objections (Doc. 28) are **OVERRULED**; (2) Magistrate Judge Carter's Report and Recommendation (Doc. 27) is **ACCEPTED** and **ADOPTED**; and (3) Defendant's Motion to Suppress (Doc. 17) is **DENIED**.

**SO ORDERED** this 10th day of June, 2015.

*/s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE

---

[2] It was not improper for Magistrate Judge Carter to consider Defendant's previous interactions with the criminal justice system – specifically, his two prior felony convictions – in assessing whether his personal characteristics rendered his waiver of *Miranda* rights unknowing, unintelligent, or involuntary.

[3] Specifically, the Court notes that it finds uncompelling Defendant's arguments that the information in the affidavit was stale based on the seasonal nature of hunting and the fact that Defendant was not accused of involvement in a broader criminal conspiracy or organization. Based on Sixth Circuit precedent and the facts of this case, it was reasonable to conclude that Defendant's hunting rifles would be "of enduring utility" to Defendant, even outside of hunting season and that such firearms would be found at Defendant's home, where owners commonly store their weapons. Where the crime itself is possession of the firearm, the place where such weapon is stored is the criminal's "operational base"; the fact that the Defendant did not engage in a broader criminal scheme is of no consequence to the Court's instant analysis.